UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

QI JUN KANG, INDIVIDUALLY AND ON BEHALF OF
ALL OTHER EMPLOYEES SIMILARLY SITUATED,

Plaintiff,

- against -

NYS LEE INCORPORATED. d/b/a SHI TO GO, SNY
LEE INCORPORATED d/b/a SHI TO GO, SHIH YU
LEE,  SHIH NIEN "SKINNY" LEE

Defendants.

Case No.

**COLLECTIVE & CLASS
ACTION COMPLAINT AND
JURY TRIAL DEMAND**

Plaintiff QI JUN KANG ("Mr. Kang") on his own behalf and on behalf of all others

similarly situated, by and through his undersigned attorneys, Hang & Associates, PLLC, hereby

files this complaint against the Defendants NYS LEE INCORPORATED. d/b/a SHI TO GO, SNY

LEE INCORPORATED d/b/a SHI TO GO (collectively, "Shi to Go" or the "Corporate

Defendants"), SHIH YU LEE ("Yu Lee"), SHIH NIEN "SKINNY" LEE ("Nien Lee") (each an

"Individual Defendant," collectively, the "Individual Defendants," or, collectively with the

Corporate Defendants, the "Defendants"), and alleges and shows the Court the following:

## INTRODUCTION

1.       This is an action brought by Plaintiff on his own behalf and on behalf of similarly

situated employees, alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

("FLSA") and the New York Labor Law, arising from Defendants' various willful and unlawful

employment policies, patterns and/or practices.

2.       Upon information and belief, Defendants have willfully and intentionally

committed widespread violations of the FLSA and NYLL by engaging in a pattern and practice of

failing to pay their employees, including Plaintiff, compensation for overtime compensation for

all hours worked over forty (40) each workweek, spread of hours pay for workdays lasting ten (10) hours or more, and for failing to provide wage notices and pay stubs as required by the NYLL.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) overtime wages, (2) liquidated damages, (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

4.      Plaintiff further alleges pursuant to New York Labor Law § 650 et seq. and 12 New York Codes, Rules and Regulations §§ 146 ("NYCRR") that he is entitled to recover from the Defendants: (1) unpaid overtime compensation; (2) unpaid spread of hours premium for each day they worked ten (10) or more hours; (3) compensation for failure to provide wage notices at the time of hiring and failure to provide paystubs in violation of the NYLL; (4) liquidated damages equal to the sum of unpaid overtime pursuant to the NY Wage Theft Prevention Act; (5) prejudgment and post-judgment interest; and (6) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court may properly maintain jurisdiction over Defendants because Defendants' contacts with this state and this judicial district, including but not limited to operating a principal place of business and employing workers in this judicial district, are sufficient to exercise jurisdiction over Defendants while complying with traditional notions of fair play and substantial justice.

6.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. §216(b), 28 U.S.C. § 1331, 1337, and 1343 because the claims asserted herein seek to redress violations of the Plaintiff's federal civil and statutory rights.

7.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because these claims are so closely related to Plaintiff's federal law wage and hour claims that they form parts of the same case or controversy under Article III of the United

States Constitution; specifically, all claims asserted herein arise from Defendant's failure to pay required wages while Plaintiff worked at Shi to Go.

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391 because Defendants conduct business in this District, and the following acts and omissions giving rise to the claims alleged herein took place in this District.

## PLAINTIFF

9.      Mr. Kang is a resident of Queens who was employed by Defendants' restaurant, Shi to Go, located at 4720 Center Blvd., Long Island City, NY 11109 from about February 1, 2013 to March 31, 2014, and from about August 1, 2015 to about April 1, 2016

## DEFENDANTS

10.     Upon information and belief, Defendant NYS LEE INCORPORATED owns and operates Shi to Go, a restaurant located at 4720 Center Blvd., Long Island City, NY 11109.

11.     Upon information and belief, Defendant SNY LEE INCORPORATED owns and operates Shi to Go, a restaurant located at 4720 Center Blvd., Long Island City, NY 11109.

12.     Upon information and belief, Shi to Go had gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

13.     Upon information and belief, Shi to Go purchased and handled goods moved in interstate commerce.

14.     Upon information and belief, Defendant SHI YU LEE is the owner, officer, director and/or managing agent of Shi to Go, who participated in the day-to-day operations of the business, acted intentionally and maliciously, and is an employer as defined in the FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Shi to Go.

15.    Upon information and belief, Defendant SHI YU LEE owns the stock of each of the Corporate Defendants and manages and makes all business decisions for each corporation, including but not limited to the amount of the salary that employees receive and the number of hours that employees work.

16.    Upon information and belief, Defendant SHIH NIEN "SKINNY" LEE, is the owner, officer, director and/or managing agent of Shi to Go, who participated in the day-to-day operations of the business, acted intentionally and maliciously, and is an employer as defined in the FLSA, 29 U.S.C. §203d, and regulations promulgated thereunder, 29 C.F.R. §791.2, NYLL §2 and the regulations thereunder, and is jointly and severally liable with Shi to Go.

17.    Upon information and belief, Defendant SHIH NIEN "SKINNY" LEE owns the stock of each of the Corporate Defendants and manages and makes all business decisions for each corporation, including but not limited to the amount of the salary that employees receive and the number of hours that employees work.

18.    At all times relevant herein, Corporate Defendants were, and continue to be, "enterprise[s] engaged in commerce" within the meaning of FLSA.

19.    At all relevant times, the work performed by Plaintiff was directly essential to the business operated by Corporate Defendants.

20.    At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation and failed to provide him a wage notice at the time of hiring in violation of the NYLL.

21.    Plaintiff has fulfilled all conditions precedent to the institution of this action and/or conditions have been waived.

## STATEMENT OF FACTS

22.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

23.     Defendants knew that the nonpayment of overtime pay and spread of hours premium would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*First Employment Period*

24.     From about February 1, 2013 to about March 31, 2014, Mr. Kang was hired by and worked for Defendants as a dishwasher and kitchen helper for Shi to Go.

25.     During this period, Mr. Kang's work tasks included, but were not limited to, washing dishes, cooking rice, cleaning, disposing of cardboard boxes, and wrapping food for takeout and to-go orders.

26.     During this period, Mr. Kang consistently worked the following schedule:

|  | Time in | Time out | Time in | Time out | Break (length) | Daily Total |
|---|---|---|---|---|---|---|
| Sunday | -off- | | | | | 10.50 |
| Monday | 12:00 PM | 10:30 PM | n/a | n/a | 0.00 | 10.50 |
| Tuesday | 12:00 PM | 10:30 PM | n/a | n/a | 0.00 | 10.50 |
| Wednesday | 12:00 PM | 10:30 PM | n/a | n/a | 0.00 | 10.50 |
| Thursday | 12:00 PM | 1:00 AM | n/a | n/a | 0.00 | 13.00 |
| Friday | 12:00 PM | 1:00 AM | n/a | n/a | 0.00 | 13.00 |
| Saturday | 12:00 PM | 10:00 PM | n/a | n/a | 0.00 | 10.00 |
| | | | | | TOTAL | 78.00 |

27.     During this period, Mr. Kang did not receive a break during his shifts, even though they lasted from 10 to 13 hours nonstop.

28.     Defendants did not keep time cards or have any other method of tracking the hours that Mr. Chen and similarly situated employees spent working.

29.     During this period, Defendants paid Mr. Kang a flat rate of $400 per week, without regard to the number of hours that he worked.

30.     This $400 payment was made in cash with no receipt, pay stub, or any other written evidence of payment or payment terms.

31.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

32.     Plaintiff was not compensated for New York's spread of hours premium for shifts that lasted longer than ten (10) hours.

33.     Defendants did not provide Plaintiff with a wage notices at the time of their hiring.

34.     Defendants committed the following alleged acts knowingly, intentionally and willfully.

35.     Defendants knew that the nonpayment of the overtime pay and spread of hours premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

36.     While employed by Defendants, Plaintiff, a dishwasher and kitchen staff person, was in a non-exempt role under federal and state laws, which require employers to pay overtime to employees in such roles.

37.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle, and rate of overtime pay.

38.     Defendants committed the foregoing acts against the Plaintiff and the FLSA Collective Action Members.

*Second Employment Period*

39.     From about August 1, 2015 to about April 1, 2016, Mr. Kang was hired by and worked for Defendants as a dishwasher and kitchen helper for Shi to Go.

40.     During this period, Mr. Kang's work tasks included, but were not limited to, washing dishes, cooking rice, cleaning, disposing of cardboard boxes, and wrapping food for takeout and to-go orders.

41.     During this period, Defendants assigned Mr. Kang the same schedule as the First Work Period, such that he consistently worked the following schedule:

|           | Time in  | Time out | Time in | Time out | Break (length) | Daily Total |
|-----------|----------|----------|---------|----------|----------------|-------------|
| Sunday    |          |          | -off-   |          |                | 10.50       |
| Monday    | 12:00 PM | 10:30 PM | n/a     | n/a      | 0.00           | 10.50       |
| Tuesday   | 12:00 PM | 10:30 PM | n/a     | n/a      | 0.00           | 10.50       |
| Wednesday | 12:00 PM | 10:30 PM | n/a     | n/a      | 0.00           | 10.50       |
| Thursday  | 12:00 PM | 1:00 AM  | n/a     | n/a      | 0.00           | 13.00       |
| Friday    | 12:00 PM | 1:00 AM  | n/a     | n/a      | 0.00           | 13.00       |
| Saturday  | 12:00 PM | 10:00 PM | n/a     | n/a      | 0.00           | 10.00       |
|           |          |          |         |          | TOTAL          | 78.00       |

42.     During this period, Mr. Kang did not receive a break during his shifts, even though they lasted from 10 to 13 hours nonstop.

43.     Defendants did not keep time cards or have any other method of tracking the hours that Mr. Chen and similarly situated employees spent working.

44.     During this period, Defendants paid Mr. Kang a flat rate of $2000 per month, without regard to the number of hours that he worked.

45.     This $2000 per month payment was made in cash with no receipt, pay stub, or any other written evidence of payment or payment terms.

46.     Defendants did not compensate Plaintiff for overtime compensation according to state and federal laws.

47.     Plaintiff was not compensated for New York's spread of hours premium for shifts that lasted longer than ten (10) hours.

48.     Defendants did not provide Plaintiff with a wage notices at the time of their hiring.

49.     Defendants committed these acts knowingly, intentionally and willfully.

50.     Defendants knew that the nonpayment of the overtime pay and spread of hours premium would economically injure Plaintiff and the Class Members by their violation of federal and state laws.

51.     While employed by Defendants, Plaintiff, a dishwasher and kitchen staff person, was in a non-exempt role under federal and state laws, which require employers to pay overtime to employees in such roles.

52.     Defendants did not provide Plaintiff and other Class members with written notices about the terms and conditions of their employment upon hire in relation to their rate of pay, regular pay cycle, and rate of overtime pay.

53.     Defendants committed the foregoing acts against the Plaintiff and the FLSA Collective Action Members.

## COLLECTIVE ACTION ALLEGATIONS

54.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

55.     Defendants knowingly and willfully operated their business with a policy of not paying the New York State spread of hours premium to Plaintiffs and other similarly situated employees.

56.     Through entry of judgment in this case (the "Collective Action Period"), Plaintiff brings this action individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants at their restaurant for up to the last three (3) years, who were not paid overtime compensation for all hours worked in excess of forty (40) hours per week (the "Collective Action Members"), and who have been subject to the same common decision, policy, and plan to not provide required wage notices at the time of hiring, in contravention of federal and state labor laws.

57.     Upon information and belief, the Collective Action Members are so numerous the joinder of all members is impracticable. The identity and precise number of such persons are unknown, and the facts upon which the calculations of that number may be ascertained are presently within the sole control of the Defendants. Upon information and belief, there are more than 20 Collective Action Members who have worked for or have continued to work for the Defendants during the Collective Action Period, most of whom would not likely file individual suits because they fear retaliation, lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this case should be certified as a collective action under the FLSA, 29 U.S.C. §216(b).

58.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members, and have retained counsel that is experienced and competent in the field of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

59.     This action should be certified as Collective Action because the prosecution of separate actions by individual members of the Collective Action would risk creating either inconsistent or varying adjudication with respect to individual members of this class that would,

as a practical matter, be dispositive of the interests of Members who are not parties to the adjudication, or subsequently impair or impede their ability to protect their interests.

60.     A Collective Action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation makes it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as collective action.

61.     Questions of law and fact common to members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the questions of fact common to Plaintiff and other Collective Action Members are:

a. Whether the Defendants employed Collective Action members within the meaning of the FLSA;

b. Whether the Defendants failed to pay the Collective Action Members overtime wages for all hours worked above forty (40) each workweek in violation of the FLSA and the regulation promulgated thereunder;

c. Whether the Defendants failed to pay the Collective Action Members spread of hours compensation for each day an employee worked over 10 hours;

d. Whether the Defendants failed to provide the Collective Action Members with a wage notice at the time of hiring as required by the NYLL;

e. Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

f. Whether the Defendants are liable for all damages claimed hereunder, including but not

limited to compensatory, punitive, and statutory damages, interest, costs and disbursements

and attorneys' fees.

62. Plaintiff knows of no difficulty that will be encountered in the management of this

litigation that would preclude its maintenance as a collective action.

63. Plaintiff and others similarly situated have been substantially damaged by

Defendants' unlawful conduct.

## CLASS ACTION ALLEGATIONS

64. Plaintiff brings his NYLL claims pursuant to Federal Rules of Civil Procedure ("F.

R. C. P.") Rule 23, on behalf of all non-exempt persons employed by Defendants at their restaurant

doing business as Uncle Luoyang on or after the date that is six years before the filing of the

Complaint in this case as defined herein (the "Class Period").

65. All said persons, including Plaintiff, are referred to herein as the "Class." The Class

members are readily ascertainable. The number and identity of the Class members are

determinable from the records of Defendants. The hours assigned and worked, the positions held,

and the rate of pay for each Class Member is also determinable from Defendants' records. For

purpose of notice and other purposes related to this action, their names and addresses are readily

available from Defendants.  Notice can be provided by means permissible under said Rule 23.

66. The proposed Class is so numerous that joinder of all members is impracticable,

and the disposition of their claims as a class will benefit the parities and the Court. Although the

precise number of such persons is unknown, and the facts on which the calculation of the number

is presently within the sole control of the Defendants, upon information and belief, there are more

than 20 members of the Class.

67.     Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay overtime compensation. Defendants' corporation-wide policies and practices, including but not limited to their failure to provide a wage notice at the time of hiring, affected all Class members similarly, and Defendants benefited from the same type of unfair and/ or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

68.     Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing plaintiff in both class action and wage and hour employment litigation cases.

69.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual Class members lack the financial resources to vigorously prosecute corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. The losses, injuries, and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, thus the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great

expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof.  In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

70.     Upon information and belief, Defendants and other employers throughout the state violate the New York Labor Law.  Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation.   Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment.  Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

71.     There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a. Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b. Whether Plaintiff and Class members are entitled to overtime under the New York Labor Law;

c. Whether Defendants maintained a policy, pattern and/or practice of failing to pay Plaintiff and the Rule 23 Class spread of hours pay as required by the NYLL;

d. Whether the Defendants provided wage notices at the time of hiring to Plaintiff and class members as required by the NYLL; and,

e. At what common rate, or rates subject to common method of calculation were and are the Defendants required to pay the Class members for their work

## STATEMENT OF CLAIM

### COUNT I
**[Violations of the Fair Labor Standards Act—Overtime Wages,
Brought on behalf of the Plaintiff and, the FLSA Collective, and the Class]**

72.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

73.     The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. §207(a).

74.     The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. §216(b).

75.     Defendants violated the FLSA by failing to compensate Plaintiff, the FLSA Collective, and the Class for overtime hours.

76.     At all relevant times, Defendants had, and continue to have, a policy and/or practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

14

77.     The FLSA and supporting regulations required employers to notify employees about the employer's mandatory responsibilities under federal employment law. 29 C.F.R. §516.4.

78.     Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff's and FLSA Collectives' labor.

79.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, the Collective Action Members, and the Class Members at the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT II
### [Violation of New York Labor Law—Overtime Pay
### Brought on behalf of Plaintiff and the Rule 23 Class]

80.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

81.     Pursuant to the New York Wage Theft Prevention Act, an employer who fails to pay proper overtime compensation shall be liable, in addition to the amount of any underpayments, for liquidated damages equal to the total of such underpayments due to the employee.

82.     Defendants' failure to pay overtime compensation to the Plaintiff, the Collective Action Members, and the Rule 23 Class violated the NYLL.

83.     Defendants' failure to pay Plaintiff, the Collective Action Members, and the Rule 23 Class was not in good faith.

### COUNT III
### [Violation of New York Labor Law—Time of Hire Wage Notice Requirement]

91.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

15

92.     The NYLL and supporting regulations require employers to provide written notice of the rate or rates of pay and the basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as a part of minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer.  NYLL §195-1(a).

93.     Defendants intentionally failed to provide notice to employees in violation of New York Labor Law § 195, which requires all employers to provide written notice in the employee's primary language about the terms and conditions of employment related to rate of pay, regular pay cycle and rate of overtime on his or her first day of employment.

94.     Defendants not only failed to provide notice to each employee at Time of Hire, but also failed to provide notice to each Plaintiff even after the fact.

95.     Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $50 for each workday that the violation occurred or continued to occur, up to $5,000, together with costs and attorneys' fees pursuant to New York Labor Law. N.Y. Lab. Law §198(1-b).

**COUNT IV**
**[Violation of New York Labor Law—New York Pay Stub Requirement]**

96.     Plaintiff re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

97.     The NYLL and supporting regulations require employers to provide detailed paystub information to employees every payday. NYLL §195-1(d).

98.     Defendants have failed to make a good faith effort to comply with the New York Labor Law with respect to compensation of each Plaintiff, and did not provide the paystub on or

after each Plaintiff' payday.

99. Due to Defendants' violations of New York Labor Law, each Plaintiff is entitled to recover from Defendants, jointly and severally, $250 for each workday of the violation, up to $5,000 for each Plaintiff together with costs and attorneys' fees pursuant to New York Labor Law N.Y. Lab. Law §198(1-d).

### COUNT V
### [Civil Damages for Deceptive Acts and Practices — Violations of New York General Business Law §349 Brought on Behalf of the Plaintiff]

104. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

105. NY General Business Law §349 provides that if any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such a return.

106. Due to Defendants' violations of NY Gen. Bus. Law §349, Plaintiff is entitled to recover from Defendants, jointly and severally, his actual damages or fifty dollars ($50), whichever is greater, or both such actions.

107. Plaintiff demands the right to examine, in person or by attorney, the minutes of the proceedings of shareholders and records of shareholders of Defendant Corporation to recover wages owed as employees of the corporation

### Prayer For Relief

WHEREFORE, Plaintiff, on behalf of himself, and the FLSA collective plaintiff and rule 23 class, respectfully requests that this court enter a judgment providing the following relief:

a) Authorizing plaintiff at the earliest possible time to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have been employed by defendants as non-exempt tipped or non-tipped employees. Such notice shall

inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they believe they were denied proper hourly compensation and premium overtime wages;

b)       Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c)       Designation of Plaintiff as representatives of the Rule 23 Class, and counsel of record as Class counsel;

d)        Certification of this case as a collective action pursuant to FLSA;

e)        Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members;

f)        A declaratory judgment that the practices complained of herein are unlawful under FLSA and New York Labor Law;

g)       An injunction against Corporate Defendant, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

h)        An award of unpaid wages and overtime premium due Plaintiff and the Collective Action members under the FLSA and New York Labor Law, plus compensatory and liquidated damages in the amount of twenty five percent under NYLL §§190 et seq., §§650 et seq., and one hundred percent after April 9, 2011 under NY Wage Theft Prevention Act, and interest;

i)        An award of unpaid overtime wages due under FLSA and New York Labor Law;

j)      An award of damages for Defendants' failure to provide wage notice at the time of hiring as required under the New York Labor Law.

k)      An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

l)      An award of liquidated and/ or punitive damages as a result of Defendants' willful failure to pay wages, overtime compensation, and spread of hours premium pursuant to New York Labor Law;

m)      An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NYLL §§198 and 663;

n)      The cost and disbursements of this action;

o)      An award of prejudgment and post-judgment fees;

p)      Providing that if any amounts remain unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL §198(4); and

q)      Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## **<u>JURY TRIAL DEMAND</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff, on behalf of himself and the Collective Action Members and members of the Class, demands a trial by jury on all questions of fact raised by the complaint.

Dated:  Flushing, New York January 30, 2017    HANG & ASSOCIATES, PLLC.

*/S JIAN HANG*
_____
Jian Hang, Esq.
136-18 39th Ave., Suite 1003
Flushing, New York 11354
Tel: 718.353.8588
jhang@hanglaw.com
*Attorneys for Plaintiff*

**CONSENT TO SUE UNDER**
**FEDERAL FAIR LABOR STANDARDS ACT**

I am an employee currently or formerly employed by SNY LEE INCORPRORATED, NYS LEE INCORPRORATED, SHIH YU LEE, SHI NIEN LEE and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingent Fee Retainer signed by the named plaintiff in this case.

KANG Q/ JUN

Full Legal Name (Print)

KANGQIJUN

Signature

1/19/2017

Date