UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
QI JUN KANG, INDIVIDUALLY AND ON           Case No.: 17-cv-534
BEHALF OF ALL OTHER EMPLOYEES
SIMILARLY SITUATED,

                                              Plaintiff,

    -against-

NYS LEE INCORPORATED. d/b/a SHI TO GO,
SNY LEE INCORPORATED d/b/a SHI TO GO,
SHIH YU LEE, SHIH NIEN "SKINNY" LEE,

                                              Defendants.
-------------------------------------------------------------X

## SETTLEMENT AGREEMENT

    NYS LEE INCORPORATED d/b/a Shi to Go, SNY LEE INCORPORATED d/b/a Shi to Go, and SHIH YU LEE, (collectively "Defendants") and QI JUN KANG ("Plaintiff"), each a "party" and collectively "parties," desiring to settle all matters between them, hereby agree to this First Amended Settlement Agreement and General Release (the "Agreement" or the "Settlement Agreement") as follows:

    **WHEREAS**, the instant United States District Court, Eastern District of New York action, Case No. 17-cv-534 (the "Litigation"), was originally filed on January 30, 2017 by Plaintiff against Defendants, alleging violations of overtime compensation and spread of hours, failure to provide wage notice and pay stubs requirements, failure to reimburse Plaintiff for tools of the trade, and liquidated damages under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL");

    **WHEREAS**, an answer was filed by Defendants on February 23, 2017;

    **WHEREAS**, Defendants do not concede liability or any other aspect of Plaintiff's allegations, including but not limited to, Plaintiff's duration of employment, FLSA and NYLL claims of failure to pay overtime wage and spread of hours, failure to provide wage notice and pay stubs requirements, failure to reimburse Plaintiff for tools of the trade; and in fact, deny such allegations in its entirety;

    **WHEREAS**, the parties have determined it to be in their mutual interests to settle any and all claims or other matters between them and to dismiss the Litigation with prejudice;

    **NOW, THEREFORE**, for good and valuable consideration, the receipt of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the parties agree as follows:

1. **Consideration and Confession of Judgment.**

1.1   In consideration for Plaintiff signing this Agreement and in full satisfaction of all claims that Plaintiff may have against Defendants, its parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns and the current and former owners, officers, directors and agents thereof (collectively "Releasees") known or unknown, asserted or unasserted, Defendants agree to pay to Plaintiff, on or before July 15, 2018, the total sum of **Twelve Thousand Dollars and No Cents ($12,000.00)** ("the Settlement Sum"). This settlement sum is inclusive of all attorneys' fees and costs. The settlement shall be allocated as follows: $7,490.00 to Plaintiff, and $4,510.00 to Hang & Associates, PLLC as fees in the amount of $3,745.00 and costs in the amount of $765.00. Such payment shall be sent to Plaintiff's counsel, Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, New York 11354, and the checks shall be payable as follows on or before the date indicated below. However, it is understood that, if the Court has not approved this Settlement Agreement by the payment dates listed below, Plaintiff's counsel shall hold the checks in escrow, and shall not distribute the checks and/or funds to Plaintiff, until such Court approval is granted. If the Court does not approve this Settlement Agreement, Plaintiff's counsel is to immediately return the Settlement Sum that Plaintiff's counsel has already received as part of this Settlement Agreement.

   (i)   On or before July 15, 2018 (sum of twelve thousand dollars and no cents ($12,000)), representing the following payments:
   1. One check payable to Qi Jun Kang in the amount of $7,490.00;
   2. One check payable to Hang & Associates, PLLC in the amount of $4,510.00;

NYS Lee Incorporated shall issue Plaintiff a Form 1099 for 50%, and a Form W-2 for the other 50% of the settlement amount for the taxable year of 2018. Upon the execution of this Settlement Agreement and before Plaintiff may receive and/or deposit any of the checks, Plaintiff shall provide Defendants with completed Form W9 as well as Form W4.

1.2   Should Defendants fail to make payment to Plaintiff as stated in Paragraph 1.1, Plaintiff is to immediately notify Defendants by email of the default (notice deemed completed upon sending via: (1) email eric.li@ncny-law.com and (2) certified mail to Eric Li, Law Office of Z. Tan PLLC, 110 East 59th Street, Suite 3200, New York, 10022, but failure to immediately notify Defendants shall not be construed as a waiver of the right to do so. Defendants shall have ten (10) calendar days after the notification is sent to remit payment to Plaintiff.

1.3   The Federal District Court for the Eastern District of New York shall retain jurisdiction for the purpose of enforcement of this agreement. The prevailing party shall be entitled to attorney's fees and costs associated with any enforcement proceedings involving this agreement.

1.4   No Consideration Absent Plaintiff's Material Representations and Promises. **Plaintiff understands and agrees that Plaintiff would not receive the Settlement Sum specified in Paragraph 1.1 above, except for the representations and promises made by Plaintiff in this Agreement.**

2. **Mutual Release of Claims.** In consideration of the promises, payments, and actions of Plaintiff and Defendants set out in this Settlement Agreement and other good and valuable consideration, Plaintiff and Defendants, with respect solely and only to conduct that has arisen on, or prior to, the date this Settlement Agreement is executed, fully and forever release, relieve, waive, relinquish, and discharge each other from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims, and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act. Plaintiff further agrees to release all named Defendants in this action.

3. **Indemnification and Tax Consequences.** Defendants may issue tax form 1099 with Box 3 checked as may be required by law. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the Settlement Sum set forth in Paragraph 1.1 above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against it in connection with the settlement sums described in Paragraph 1.1 above. Plaintiff acknowledges that she has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

5. **Nonadmission of Wrongdoing.** The parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Defendants of wrongdoing or evidence of any liability or unlawful conduct of any kind.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by both parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the parties, and fully supersedes any prior agreements or understandings between the parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to Plaintiff in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

8. **Counterparts and Facsimile Signatures.** This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

9. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. If any provision of this Agreement is declared illegal or unenforceable by

any court, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Advice of Counsel.** Defendants have advised Plaintiff to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiff represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, Plaintiff has had an adequate opportunity to discuss and assess the merits of all their claims and potential claims. The parties further represent that their respective counsel and agents have translated this Agreement from English to their native language.

12. **Effective Date.** The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Further Assurances.** The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT HE HAS CONSULTED WITH HIS RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.

PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, HANG & ASSOCIATES, PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.

_KANG QI JUN_  Dated: _6/26/2018_
Qi Jun Kang


_____  Dated: _____
NYS Lee Incorporated
by _____, an Authorized Shareholder and/or Officer


_____  Dated: _____
Shih Yu Lee

any court, that provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **Advice of Counsel.** Defendants have advised Plaintiff to consult with an attorney prior to signing this Agreement. Each person executing this Agreement represents that he/she has consulted with an attorney prior to signing this Agreement. Plaintiff represents that he has determined that this Agreement is fair and reasonable under all circumstances and that this determination has been based solely upon their independent judgment after consulting with counsel. In making this determination, Plaintiff has had an adequate opportunity to discuss and assess the merits of all their claims and potential claims. The parties further represent that their respective counsel and agents have translated this Agreement from English to their native language.

12. **Effective Date.** The effective date of this Agreement shall be the date upon which the last of the signatures below shall have been executed.

13. **Further Assurances.** The parties hereto agree to execute such other documents and to take such other action as may be reasonably necessary to further the purposes of this Agreement.

**THE PARTIES AGREE THAT THEY HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT HE HAS CONSULTED WITH HIS RESPECTIVE ATTORNEYS OF RECORD PRIOR TO THE SIGNING OF THIS AGREEMENT.**

**PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND CONSULTATION WITH HIS ATTORNEY, HANG & ASSOCIATES, PLLC, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS PLAINTIFF HAD, HAVE OR MIGHT HAVE AGAINST DEFENDANTS.**

_____     Dated: _____
Qi Jun Kang

SNY ▓▓ Lee Incorporated     Dated: _____
by _SHIH YU LEE_ an Authorized Shareholder and/or Officer

_____     Dated: _____
Shih Yu Lee

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
QI JUN KANG, INDIVIDUALLY AND ON
BEHALF OF ALL OTHER EMPLOYEES
SIMILARLY SITUATED,

                            Plaintiff,

    -against-

NYS LEE INCORPORATED. d/b/a SHI TO GO,
SNYLEE INCORPORATED d/b/a SHI TO GO,
SHIH YU LEE, SHIH NIEN "SKINNY" LEE,

                           Defendants.
-----------------------------------------------------------------X

Case No.: 17-cv-534

**WHEREAS**, Plaintiff contends that Defendants did not compensate him properly under federal (FLSA) and state (NYLL) wage and hour laws;

**WHEREAS**, Defendants deny all allegations of wrongdoing made by Plaintiff;

**WHEREAS**, the parties have resolved this matter in its entirety;

**WHEREAS**, the Court approves of the parties' resolution of this case without further litigation;

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the above captioned action, through the undersigned counsel, that Plaintiff's Complaint and any and all claims that were or could have been asserted in this action are hereby discontinued and dismissed, with prejudice, in accordance with Rule 41 of the Federal Rules of Civil Procedure, and with each party to bear its own costs, expenses, disbursements and attorneys' fees.

Date: June 26th, 2018              Date: June _____, 2018

**HANG & ASSOCIATES, PLLC**              **Z. TAN PLLC**
*Attorneys for Plaintiff*                *Attorneys for Defendants*


_____                _____
Jian Hang, Esq.                          Eric Li, Esq.
William Brown, Esq.                      110 East 59th Street, Suite 3200
136-18 39th Avenue, Suite 1003           New York, NY 10022
Flushing, New York 11354                 Tel.: (212) 593-6188
Tel.: (718) 353 8588


**SO ORDERED**:


_____        Date: _____